IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERONN C. FAVORS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-247-A |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Veronn C. Favors, TDCJ-ID #1288131, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Favors was convicted by a jury of sexual assault and burglary of a habitation in state court

and is serving concurrent 52-year sentences. (1Clerk's R. at 21; 2Clerk's R. at 16B)[1] The appellate court summarized the evidence at trial as follows:

> [Favors] carjacked D.M. and J.C. in the parking lot of a health clinic. He ordered D.M. to drive while he forced J.C. to perform oral sex on him in the back seat. D.M. deliberately drove the car into cross-traffic to stop the assault. [Favors] got out of the car and ran away. Another complainant, J.B., testified that [Favors] forced his way into her house on the same morning and began to strangle her. She bit his hand, and [Favors] ran away. Police apprehended [Favors] shortly thereafter.

Favors's convictions were affirmed on appeal and his petitions for discretionary review were refused. *Favors v. Texas*, Nos. 2-05-061-CR & 2-05-062-CR, slip copy, at 2 (Tex. App.–Fort Worth Sep. 18, 2006); *Favors v. Texas*, PDR Nos. 1020-06 & 1021-06. Favors also sought state postconviction habeas relief to no avail. *Ex parte Favors*, Application Nos. WR-71,745-01 & WR-71,745-02, at cover. Favors timely filed this federal petition.

### D. ISSUES

In three grounds for relief, Favors claims he received ineffective assistance of trial and appellate counsel. (Petition at 7)

### E. RULE 5 STATEMENT

Thaler believes that Favors has sufficiently exhausted his state remedies on the claims presented as required by 28 U.S.C. § 2254(b).

### F. DISCUSSION

#### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

---

[1] "1Clerk's R." refers to the clerk's record in trial court cause number 0920183A; "2Clerk's R." refers to the clerk's record in trial court cause number 0920390D.

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, typically it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 1. Ineffective Assistance of Counsel

Favors claims he received ineffective assistance of court-appointed trial and appellate counsel. A criminal defendant has a constitutional right to the effective assistance of counsel at trial

and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as in this case, the state courts have applied the *Strickland* attorney-performance standard to factual findings, a federal court will defer to the state courts' determination unless it appears the decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

The state habeas judge, who also presided over Favors's trial, conducted a hearing by affidavit and entered findings of fact refuting Favors's allegations. (1State Habeas R. at 34, 38-45; 2State Habeas R. at 34, 38-45)[2] Applying the *Strickland* standard to its factual findings, the state court concluded Favors had failed to demonstrate that counsel was deficient or that but for counsel's

---

[2] "1State Habeas R." refers to the court record of Favors's state habeas application no. WR-71,745-01; "2State Habeas R." refers to the court record in his state habeas application no. WR-71,745-02.

4

alleged acts or omissions, the result of his trial or appeal would have been different.

Favors claims trial counsel was ineffective by failing to object to inadmissible hearsay testimony from D.M. that "police were hunting for him" and request a curative instruction. Counsel testified that he did not object to the complained of testimony because D.M. did not testify as why the police were looking for Favors or that Favors had committed a crime, D.M. stated she was not sure her information was accurate, and he did not want to call the jury's attention to her statement. The state habeas court determined counsel's decision not to object to the testimony was the product of reasonable trial strategy. Favors has failed to establish the state court's adjudication of the claim was an unreasonable application of *Strickland*. Strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Strickland*, 460 U.S. at 689.

Favors claims trial counsel was ineffective by failing to request a limiting instruction to the jury regarding Detective Shari Scholoeman's testimony that Favors stroked his penis while she talked to him in the police station interrogation room. Counsel objected to the testimony, but the trial court allowed the testimony. Counsel testified he did not request a limiting instruction because he believed that the state would not focus on the issue during their closing arguments and that, if he had requested a limiting instruction, the state would have been more likely to remind the jury of the testimony. The appellate court first addressed the issue and concluded that admission of the evidence was error but that, in light of the overwhelming evidence of his guilt, the testimony did not have a substantial or injurious effect on the jury's verdict or affect Favors's substantial rights. The court reasoned that the testimony was not misleading or confusing, the state did not emphasize the

5

error, and the state did not mention the testimony in closing argument. The state habeas court, which also considered the claim, found that counsel's decision not to request a limiting instruction in an effort to de-emphasize the testimony was the product of reasonable trial strategy. Favors has failed to establish the state courts' adjudication of the claim was an unreasonable application of *Strickland*. Strategic decisions by counsel are virtually unchallengeable and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. *Knowles*, 129 S. Ct. at 1420; *Strickland*, 460 U.S. at 689.

Favors claims appellate counsel was ineffective by failing to raise the following issues; (1) ineffective assistance of trial counsel, (2) the trial court's failure to *sua sponte* give a limiting instruction on extraneous offense evidence, and (3) the legal and factual insufficiency of the evidence to support his convictions. As to his first claim, under Texas jurisprudence, an application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims. As to his remaining claims, Favors fails to identify any arguably meritorious grounds upon which he was likely to prevail on appeal. Thus, appellate counsel's performance was not objectively unreasonable for failing to raise the issues on appeal.

Favors presents no compelling argument or evidence to rebut the state courts' adjudication of his ineffective assistance claims, and there is nothing in the record to suggest that but for counsel's alleged acts or omission, the jury would have acquitted Favors or that he would have prevailed on appeal. Favors has not met his burden of overcoming the strong presumption that his trial and appellate attorneys were competent. Even if he could show deficient performance, he has not demonstrated that but for counsel's acts or omissions the outcome of his trial or appeal would have been different.

## II. RECOMMENDATION

Favors's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 13, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 13, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of

the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 23, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE