

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERONN C. FAVORS, | § § | |
| Petitioner, | § § | |
| VS. | § | NO. 4:09-CV-247-A |
| | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

## O R D E R

Came on for consideration the above-captioned action wherein Veronn C. Favors ("Favors") is petitioner and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 23, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by January 13, 2010. Favors timely filed his written objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u>

determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

In 2005, a jury convicted Favors of sexual assault and burglary of a habitation. The sexual assault occurred when Favors carjacked a woman, Doris Meredith ("Meredith"), and her daughter, Jackie Campbell ("Campbell") outside a clinic, then forced Campbell to perform oral sex on him in the back seat while Meredith drove. Meredith deliberately drove her car into cross-street traffic to stop the assault. Favors got out of the car and ran away. Shortly thereafter, Favors forced his way into a home and attempted to choke the homeowner when she confronted him. The homeowner bit his hand and he ran away. Favors's blood was found on a towel in the home, as confirmed by DNA evidence. All three victims testified at trial, in addition to police officers, detectives, and other witnesses.

Favors's petition for habeas relief claimed ineffective assistance of trial counsel due to: (1) counsel's failure to object to inadmissible testimony from Meredith that "the police

were hunting for him" and request a curative instruction; and (2) counsel's failure to request a limiting instruction regarding a detective's testimony that Favors stroked his penis while she questioned him in the interrogation room.  Favors also contends appellate counsel was ineffective for failing to raise the following issues on appeal:  (1) ineffective assistance of trial counsel; (2) trial court's failure to sua sponte give a limiting instruction as to the evidence of extraneous offense; and (3) legal and factual insufficiency of the evidence to support his conviction.  The Magistrate Judge found that Favors had failed to establish ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing both that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by counsel's errors.

The Magistrate Judge concluded that counsel's decision not to object to, or request a limiting instructive for, Meredith's statement was reasonable trial strategy.  Favors objects that without the curative instruction, the jury was free to use the testimony for any purpose, and that Meredith's statement, along with the lack of DNA evidence as to the sexual assault, show he was prejudiced by counsel's failure.  These objections fail to show prejudice under Strickland, which requires a showing that

3

but for counsel's unprofessional errors, the result would have been different. 466 U.S. at 694. The prosecutor never mentioned the statement in closing arguments, and given the overwhelming other evidence of guilt adduced at trial, Favors cannot show how the outcome of the trial would have been different but for counsel's error.

Favors makes similar objections to the Magistrate Judge's conclusion regarding counsel's failure to request a limiting instruction as to a detective's testimony that Favors stroked his penis while she questioned him in the interrogation room. Again, the prosecutor never mentioned the testimony in closing arguments, and given the other evidence of guilt, Favors has failed to establish prejudice.

As to his objections to the Magistrate Judge's conclusion that appellate counsel rendered effective assistance, Favors essentially reargues his previous objections regarding ineffective assistance of trial counsel. As discussed, Favors has failed to demonstrate prejudice as to those claims, and he has failed to show that but for any of counsel's alleged errors he would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000).

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that the petition of Favors for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Favors has not made a substantial showing of the denial of a constitutional right.

SIGNED April 2, 2010.

JOHN MCBRIDE
United States District Judge